BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
David D. Kim (State Bar No. 293445)
  dkim@bgrfirm.com
Eric C. Lauritsen (State Bar No. 301219)
  elauritsen@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>                Plaintiff,<br><br>        vs.<br><br>HYPERKIN INC.,<br><br>                Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1)  FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)];**<br>**(2)  COMMON LAW UNFAIR COMPETITION;**<br>**(3)  TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br><br>**DEMAND FOR JURY TRIAL** |

1191562.1

Plaintiff Atari Interactive, Inc., as and for its complaint against defendant Hyperkin Inc. alleges as follows:

## PARTIES

1.     Plaintiff Atari Interactive, Inc. (collectively "Atari" or "Plaintiff") is a Delaware corporation with its principal place of business in New York, New York.

2.     Plaintiff is informed and believes, and thereon alleges, that defendant Hyperkin Inc. (hereinafter "Hyperkin" or "Defendant") is a California corporation with its principal place of business in Pomona, California.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the federal Lanham Act.  *See* 17 U.S.C. §§ 101, *et seq*.; 15 U.S.C. §§ 1051, *et seq*.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. sections 1367 and 1338(b).

4.     Venue in this district is proper under 28 U.S.C. section 1391 because Hyperkin is subject to personal jurisdiction here and Atari has suffered injury here.

5.     This Court has personal jurisdiction over Hyperkin because, upon information and belief, Hyperkin maintains its principal place of business in California, and specifically within this judicial district.  This Court also has personal jurisdiction over Hyperkin because Hyperkin regularly markets and sells goods, including the goods at issue in this case, to customers in California.

## GENERAL ALLEGATIONS

**A.     The Atari 2600 Game Console and Joystick Controller Are Well-Known to the Public.**

6.     Atari is one of the most famous video game brands in history.  Founded in the early 1970s in California, Atari became *the* pioneer in the video game industry during the 1970s and continuing into the 1980s, developing and releasing home video consoles including the Atari 2600 game console and associated Atari 2600 joystick controller.

-1-
COMPLAINT

7.    Atari became known to relevant consumers and the public at large not only by its inherently distinctive trade name and A-shaped (or "Fuji") logo design, but also by the trade dress and ornamental design of its Atari 2600 game console and Atari 2600 joystick controller.

8.    In 1980, the United States Patent and Trademark Office issued two design patents, U.S. Patent Nos. D254,544 and D255,565 (attached hereto as Exhibits 1 and 2, respectively), both since expired, for the ornamental design elements of the Atari 2600 joystick controller depicted in the following representative figures:

| U.S. Patent No. | Representative Figures |
|---|---|
| D254,544 |  |
| D255,565 |  |

9.    Atari has continued to market, promote, license, and sell products worldwide under the Atari name for over four decades, and has cultivated wide recognition among relevant consumers and the public at large for, among other things, the distinctive design and ornamental features of the Atari 2600 joystick

controller that was the subject of the aforementioned two U.S. design patents.

10.     Video gamers new and old recognize and revere the Atari 2600 game console and Atari 2600 joystick controller as a very well-known and iconic part of video gaming history.

11.     In fact, the Atari 2600 was recently named to *IEEE Spectrum*'s Consumer Electronics Hall of Fame as one of "The Greatest Gadgets of the Past 50 Years."[1]  *IEEE Spectrum* is the flagship magazine and website of the Institute of Electrical and Electronics Engineers, the world's largest professional organization devoted to engineering and the applied sciences with over 423,000 members in over 160 countries.[2]  To help readers readily identify and recall the Atari 2600, *IEEE Spectrum* selected and used a photo that prominently features not only the console, but also the distinctive Atari 2600 joystick controller:



12.     Atari has expanded into a multi-platform, global interactive entertainment company, adapting many of its classic games for online platforms such as Facebook, smartphones, and tablets.  Atari has an active licensing business

---

[1] *See* https://spectrum.ieee.org/consumer-electronics/gadgets/the-consumer-electronics-hall-of-fame-atari-2600 (last visited January 10, 2019).
[2] *See* https://spectrum.ieee.org/static/aboutus (last visited January 10, 2019).

through which Atari has extended its brand into other media, merchandising, and publishing categories.

13.    Atari continues to market, license, and/or sell products embodying the ornamental design and iconic trade dress of the Atari 2600 joystick controller.  One example is the Atari 2600 Plug & Play Joystick, which incorporates many of the distinctive trade dress elements including, but not limited to, the rectangular base with a hexagonal joystick mounted near the center, a single prominent red button located at the top left corner of the base, and a dashed circle circumscribing the base of the joystick:



14.    Through extensive and continuous promotion and sales, unsolicited press, and word of mouth, Atari owns valuable intellectual property rights related to the Atari 2600 game console, including, among other things, the common law rights in the trade dress and the overall look and feel of the console and the Atari 2600 joystick controller.

**B.    <u>Hyperkin Deliberately Seeks to Trade upon Atari's Reputation and Goodwill by Selling a Knockoff of the Atari 2600 Console and Joystick Controller.</u>**

15.    Founded in 2006, Hyperkin describes itself on its website, www.hyperkin.com, as "a gaming hardware development company, specializing in consoles and accessories for multiple generations of gamers" and whose "mission [is] to not only create and improve technology that speaks to [its] customers' pasts,

but also their futures."

16.     Hyperkin, on its website, is advertising, marketing, displaying, offering for sale, selling, distributing, and profiting from the CirKa A77 Atari Style Joystick Controller for Atari 2600 product (the "CirKa A77 joystick controller") and RetroN 77:  HD Gaming Console for 2600 product (the "RetroN 77").

17.     The CirKa A77 joystick controller has numerous and striking similarities to the Atari 2600 joystick controller.

18.     Below is a comparison between the Atari 2600 joystick controller and the CirKa A77 joystick controller from a top plan view and two perspective views.

| Atari 2600 Joystick Controller | CirKa A77 Joystick Controller |
| --- | --- |
|  |  |
|  |  |



19.     The Atari 2600 joystick controller has a number of distinctive design elements that, when taken together, create an overall look and feel that consumers associate with Plaintiff Atari.  Some examples of these distinctive features include, but are not limited to, the rectangular base with a protruding hexagonal joystick mounted substantially centrally thereon, a single prominent red button located at the top left corner of the base, a rubber boot that connects the joystick to the base and is characterized by three concentric circular ridges of progressively decreasing height, a two-tiered tapered design to the base, and a dashed circle circumscribing the base of the joystick and rubber boot.

20.     The CirKa A77 joystick controller incorporates these same, and other, distinctive design elements that make up part of the Atari 2600 joystick controller's trade dress.

21.     Defendant Hyperkin is aware that the CirKa A77 joystick controller is *intended* to infringe on Atari's rights in the trade dress and overall look and feel of the Atari 2600 joystick controller.  Hyperkin's own webpage advertising the CirKa A77 joystick controller claims:  "The CirKa 'A77' Joystick controller for the Atari 2600 gives you *the same classic feel and look* of your favorite retro joystick" (emphasis added), making it "the perfect solution for a lost or damaged joystick." See Exhibit 3 attached hereto.

22.     In light of the myriad similarities between the Atari 2600 joystick controller and the CirKa A77 joystick controller, which are likely to cause an ordinary consumer to believe the two brands are the same or affiliated or that Atari has endorsed or approved CirKa, an attorney for Atari wrote to Defendant Hyperkin and requested that Hyperkin stop selling the CirKa A77 joystick controller in infringement upon Atari's rights.  Despite being placed on actual notice of Atari's rights and objections, Defendant Hyperkin's infringement continues.

23.     The RetroN 77 has numerous and striking similarities to the Atari 2600 console.

24.     Below is an image of the RetroN 77 alongside one of the Atari 2600.

| Atari 2600 Console | RetroN 77 |
| --- | --- |



25.     The Atari 2600 has a number of distinctive design elements that, when taken together, create an overall look and feel that consumers associate with Plaintiff Atari.  Some examples of these distinctive features include, but are not limited to, the ornamental wood paneling, black and brown color scheme, and lateral grooves in the black plastic on the top of the device.

26.     The RetroN 77 incorporates these same, and other, distinctive design elements that make up part of the Atari 2600's trade dress.

27.     On information and belief, Defendant Hyperkin designed the RetroN 77 with the *intent* to mimic Atari's rights in the trade dress and overall look and feel

1  of the Atari 2600 console, as evidenced by the facts that the name of the product

2  incorporates the term "2600" and that the product is expressly intended to be

3  compatible with games originally designed for the Atari 2600 console.

4  **FIRST CLAIM FOR RELIEF**

5  **(False Designation of Origin)**

6  28.    Atari re-alleges and incorporates herein by reference each and every

7  allegation set forth above.

8  29.    Through sales, promotional activities, unsolicited press, and word-of-

9  mouth, Atari has acquired secondary meaning in a distinctive trade dress for the

10  Atari 2600 joystick that includes the following elements, among others:  (a) the

11  rectangular base with a protruding hexagonal joystick mounted substantially

12  centrally thereon; (b) a single prominent red button located at the top left corner of

13  the base; (c) a rubber boot that connects the joystick to the base and is characterized

14  by three concentric circular ridges of progressively decreasing height; (d) a two-

15  tiered tapered design to the base; and (e) a dashed circle circumscribing the base of

16  the joystick and rubber boot.  Atari's trade dress consists of the overall look and feel

17  of the Atari 2600 joystick controller, and not any one element individually.  The

18  aforementioned trade dress is referenced as the "Joystick Designation of Origin."

19  30.    Through sales, promotional activities, unsolicited press, and word-of-

20  mouth, Atari has acquired secondary meaning in a distinctive trade dress for the

21  Atari 2600 console that includes the following elements, among others:  (a)

22  ornamental wood paneling; (b) black and brown color scheme; and (c) lateral

23  grooves in the black plastic in the top of the device.  Atari's trade dress consists of

24  the overall look and feel of the Atari 2600 console, and not any one element

25  individually.  The aforementioned trade dress is referenced as the "Console

26  Designation of Origin."

27  31.    Hyperkin is advertising, marketing, creating, displaying, offering for

28  sale, selling, distributing, and profiting from products incorporating the Joystick

1  Designation of Origin and Console Designation of Origin or nearly identical
2  variations thereof.

3        32.    Hyperkin's use of Atari's Joystick Designation of Origin and Console
4  Designation of Origin is likely to cause confusion among ordinary purchasers as to
5  the source of the goods.

6        33.    Atari has never consented to Hyperkin's use of its Joystick Designation
7  of Origin or Console Designation of Origin.

8        34.    Hyperkin infringed upon Atari's Joystick Designation of Origin and
9  Console Designation of Origin willfully.

10        35.    As a proximate result of the unfair advantage accruing to Hyperkin
11  from using similar or quasi-similar trade dress and deceptively trading on Atari's
12  goodwill, Hyperkin has made substantial sales and profits in amounts to be
13  established according to proof.

14        36.    As a proximate result of the unfair advantage accruing to Hyperkin
15  from using confusingly similar trade dress and deceptively trading on Atari's
16  goodwill, Atari has been damaged and deprived of substantial sales and has been
17  deprived of the value of its Joystick Designation of Origin and Console Designation
18  of Origin as commercial assets, in amounts to be established according to proof.

19        37.    Unless restrained by the Court, Hyperkin will continue to infringe
20  Atari's trade dress.  Pecuniary compensation alone will not afford Atari adequate
21  relief for the damage to its trademarks, trade dress, and brand.  In the absence of
22  injunctive relief, consumers are likely to continue to be mistaken or deceived as to
23  the true source, origin, sponsorship, and affiliation of Hyperkin and their purported
24  goods.

25        38.    Hyperkin's acts were committed, and continue to be committed, with
26  actual notice of Atari's exclusive rights and with the intent to cause confusion, to
27  cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill
28  associated with Atari.  Pursuant to 15 U.S.C. section 1117, Atari is therefore entitled

to recover three times its actual damages or three times Hyperkin's profits, whichever is greater, together with its attorneys' fees.  In addition, pursuant to 15 U.S.C. section 1118, Atari is entitled to an order requiring destruction of all infringing products and promotional materials in Hyperkin's possession.

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Competition)

39.    Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

40.    Hyperkin's unauthorized use of Atari's trade dress is likely to cause consumer confusion as to the source, origin, sponsorship, and association of Hyperkin's products.

41.    Atari has been, and will continue to be, damaged and irreparably harmed by the actions of Hyperkin unless Hyperkin is enjoined by this Court.

42.    Atari has no adequate remedy at law.

43.    Atari is entitled to recover damages and/or Hyperkin's profits in an amount to be determined at trial.

44.    Atari is informed and believes, and thereon alleges, that Hyperkin committed the foregoing acts with the intention of depriving Atari of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Atari's rights. Atari is, therefore, entitled to an award of exemplary and punitive damages, according to proof.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution)

45.    Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

46.    The Joystick Designation of Origin and Console Designation of Origin are widely recognized by the general consuming public of the United States as originating with Atari.

47.     Hyperkin's unauthorized use of these marks has the effect of diluting, tarnishing and blurring them.

48.     Atari is entitled to recover damages and/or Hyperkin's profits in an amount to be determined at trial.

49.     Atari is entitled to an order preliminarily and permanently enjoining Hyperkin from using its trademarks in the future.

50.     Because Hyperkin has willfully intended to cause the dilution of Atari's trademarks, Atari is further entitled to recover its costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. sections 1117 and 1125(c)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.     For preliminary and permanent injunctions enjoining and restraining Defendant, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with Defendant, from:

      a.     designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates or is marketed in conjunction with Plaintiff's 2600 joystick or console trade dress;

      b.     representing or implying, directly or indirectly, to retailers, customers, distributors, licensees, or any other customers or potential customers of Defendant's products that Defendant's products originate with, are sponsored, endorsed, or licensed by, or are otherwise associated or affiliated with Plaintiff;

2.     For an order requiring the destruction of all of Defendant's products, marketing, advertising, or promotional materials that include any trade dress that is confusingly similar to Plaintiff's 2600 joystick or console trade dress;

3.     For an accounting of all profits obtained by Defendant from sales of the infringing product and an order that Defendant hold all such profits in a constructive

1   trust for the benefit of Plaintiff;

2        4.      For an award to Plaintiff of all profits earned by Defendant from their

3   infringing acts;

4        5.      For compensatory damages according to proof;

5        6.      For treble, exemplary, and/or punitive damages;

6        7.      For pre-judgment interest on all damages awarded by this Court;

7        8.      For reasonable attorney's fees and costs of suit incurred herein; and

8        9.      For such other and further relief as the Court deems just and proper.

9

10  Dated:  January 25, 2019            BROWNE GEORGE ROSS LLP
                                          Keith J. Wesley
11                                        David D. Kim
                                          Eric C. Lauritsen
12

13

14                                  By:  ___/s/ Keith J. Wesley_____
                                             Keith J. Wesley
15                                  Attorneys for Plaintiff
16                                  ATARI INTERACTIVE, INC.

17

18

19

20

21

22

23

24

25

26

27

28

1191562.1

COMPLAINT

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

3

Rules of Civil Procedure.

4

5

Dated:  January 25, 2019             BROWNE GEORGE ROSS LLP

6                                     Keith J. Wesley
                                      David D. Kim
7                                     Eric C. Lauritsen

8

9                                     By:   /s/ Keith J. Wesley
                                              Keith J. Wesley
10
                                      Attorneys for Plaintiff
11                                    ATARI INTERACTIVE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# United States Patent [19]

**McKinsey et al.**

[11]   **Des. 254,544**

[45]   ** **Mar. 25, 1980**

[54]   **VIDEO GAME CONTROL UNIT**

[75]   Inventors: **Kevin P. McKinsey**, Soquel; **Gerald R. Aamoth**, Santa Clara, both of Calif.

[73]   Assignee: **Atari, Inc.**, Sunnyvale, Calif.

[**]   Term:   **14 Years**

[21]   Appl. No.: **806,318**

[22]   Filed:   **Jun. 13, 1977**

[51]   **Int. Cl.** ..................................................... **D13—03**
[52]   **U.S. Cl.** .................................................... **D13/12**
[58]   **Field of Search** ..................... D34/5 R, 5 N, 5 J; 273/DIG. 28, 85 G, 86 B; D13/11, 12, 32, 37

[56]   **References Cited**

## U.S. PATENT DOCUMENTS

4,091,234   5/1978   Bristow ...................... 273/DIG. 28

## OTHER PUBLICATIONS

Merchandising, June 1977, p. 49, lower left, Control Stick.

*Primary Examiner*—Melvin B. Feifer
*Attorney, Agent, or Firm*—Townsend & Townsend

[57]   **CLAIM**

The ornamental design for a video game control unit, as shown and described.

## DESCRIPTION

FIG. 1 is a perspective view of a video game control unit employing our new design.
FIG. 2 is a top plan view of the video game control unit shown in FIG. 1.
FIG. 3 is a front elevational view of the video game control unit shown in FIG. 1.
FIG. 4 is a right side elevational view of the video game control unit shown in FIG. 1.
FIG. 5 is a left side elevational view of the video control unit shown in FIG. 1.
FIG. 6 is a rear elevational view of the video game control unit shown in FIG. 1.
FIG. 7 is a bottom plan view of the video game control unit shown in FIG. 1.



Case 2:19-cv-00689-CAS-AFM Document 1 Filed 01/25/19 Page 17 of 24 Page ID #:17



FIG. 1

FIG. 2

FIG. 3

FIG. 4



FIG. 5          FIG. 6



FIG. 7

# EXHIBIT 2

# United States Patent [19]

**Aamoth et al.**

[11] **Des. 255,565**

[45] ** **Jun. 24, 1980**

[54] **VIDEO GAME CONTROL UNIT**

[75] Inventors: **Gerald R. Aamoth,** Fremont; **Kevin P. McKinsey,** Scotts Valley, both of Calif.

[73] Assignee: **Atari, Inc.,** Sunnyvale, Calif.

[**] Term: **14 Years**

[21] Appl. No.: **887,145**

[22] Filed: **Mar. 16, 1978**

### Related U.S. Application Data

[63] Continuation-in-part of Ser. No. 806,318, Jun. 13, 1977.

[51] **Int. Cl.** ..................................... **D13—03**
[52] **U.S. Cl.** ..................................... **D13/12;** D13/32; D21/13
[58] **Field of Search** ...................... D34/5 R, 5 N, 5 J; 273/DIG. 28, 85 G, 86 B; D13/11, 12, 32, 37

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

4,091,234   5/1978   Bristow ...................... 273/DIG. 28

### OTHER PUBLICATIONS

Merchandising, Jun. 1977, p. 49, lower left, control stick.

*Primary Examiner*—Melvin B. Feifer
*Attorney, Agent, or Firm*—Stephen S. Townsend

[57] **CLAIM**

The ornamental design for a video game control unit, as shown and described.

### DESCRIPTION

FIG. 1 is a top plan view of the video game control unit showing our new design.

FIG. 2 is an edge elevational view looking rearwardly of FIG. 1;

FIG. 3 is a right edge elevational view looking to the left of FIG. 1;

FIG. 4 is a left edge elevational view looking to the right of FIG. 1;

FIG. 5 is an edge elevational view looking forwardly of FIG. 1;

FIG. 6 is a bottom plan view of the embodiment of FIG. 1; and

FIG. 7 is a top plan view of an alternate embodiment thereof with the side and bottom views being the same in appearance as that shown in FIGS. 2 through 6.



**U.S. Patent**         Jun. 24, 1980         **Des. 255,565**



FIG. 1.

FIG. 4.         FIG. 2.         FIG. 3.

FIG. 6.         FIG. 5.

FIG. 7.

**Disclaimer**

Des. 255,565.—*Gerald R. Aamoth,* Santa Clara and *Kevin P. McKinsey,* Scotts Valley, Calif. VIDEO GAME CONTROL UNIT. Patent dated June 24, 1980. Disclaimer filed Oct. 4, 1982, by the assignee, *Atari, Inc.*

The term of this patent subsequent to Mar. 25, 1994 has been disclaimed.
[*Official Gazette June 7, 1983.*]

# EXHIBIT 3



**"A77" Premium Joystick Controller for Atari 2600 - CirKa**

Item # **M07210** | MSRP: **$14.99**    **IN STOCK**

UPC: 813048018346    |    Generate UPC

Case Qty: 15/30

Weight: 0.45 lbs
Dimensions: 5" x 4" x 5"  (L x W x H)

**Quick Overview:**
The CirKa "A77" Joystick controller for the Atari 2600 gives you the same classic feel and look of your favorite retro joystick.

**LOGIN**    Registered reseller only

| **Product Description** | **Product Features** |
| --- | --- |

The CirKa "A77" Joystick controller for the Atari 2600 gives you the same classic feel and look of your favorite retro joystick. It is the perfect solution for a lost or damaged joystick. The "A77" is a premium joystick controller that features a single action button and 4-directional stick. The 5-foot cable allows for easy movement around your console.

**WARNING: California's Proposition 65**