Lynda J. Zadra-Symes (SBN 156,511)
lynda.zadrasymes@knobbe.com
Jason A. Champion (SBN 259,207)
jason.champion@knobbe.com
Jacob R. Rosenbaum (SBN 313,190
jacob.rosenbaum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant
HYPERKIN, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., | Case No. 2:19-CV-0608-CAS (AFMx) |
| Plaintiff, | Hon. Christina S. Snyder |
| v. | **HYPERKIN, INC.'S ANSWER TO COMPLAINT; JURY DEMAND** |
| HYPERKIN, INC., | |
| Defendant. | |

Defendant Hyperkin, Inc. ("Hyperkin") hereby responds to the numbered paragraphs of the Complaint of Plaintiff Atari Interactive, Inc. ("Plaintiff" or "Atari") as follows:

## PARTIES

1. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and, therefore, denies each and every allegation in Paragraph 1.

2. Hyperkin admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Hyperkin admits that this Court has subject matter jurisdiction over the asserted claims but denies that any grounds exist for such claims.

4. Paragraph 4 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, and for purposes of this case only, Hyperkin does not contest venue in this Court. Hyperkin denies each and every remaining allegation in Paragraph 4 of the Complaint.

5. Hyperkin admits that it maintains its principle place of business in California and that it markets and sells goods to customers in California. Further answering, and for purposes of this case only, Hyperkin does not contest personal jurisdiction in this Court. Except as expressly admitted, Hyperkin denies each and every remaining allegation in Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint and, on that basis, denies each and every allegation in Paragraph 6.

7. Denied.

/ / /

8. Hyperkin admits that, according to the electronic records of the United States Patent and Trademark Office ("PTO"), the PTO issued U.S. Design Patents Nos. D254,544 ("the '544 patent" and D255,565 ("the '565 patent") on March 25, 1980 and June 24, 1980 (respectively), to Kevin P. McKinsey and Gerald R. Aamoth as inventors, and that what purports to be copies of the '544 and '565 patents are attached to the Complaint as Exhibits 1 and 2. Hyperkin further admits that the '544 and '565 patents expired in 1994. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 8.

9. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and, on that basis, denies each and every allegation in Paragraph 9.

10. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and, on that basis, denies each and every allegation in Paragraph 10.

11. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint and, on that basis, denies each and every allegation in Paragraph 11.

12. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and, on that basis, denies each and every allegation in Paragraph 12.

13. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint and, on that basis, denies each and every allegation in Paragraph 13.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

18. Hyperkin admits that the three images on the right appear to be photos of the CirKa™ A77 Retro Style joystick controller. Hyperkin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 18.

19. Denied.

20. Denied.

21. Hyperkin admits that Exhibit 3 appears to be a January 25, 2019 screenshot from Hyperkin's website. Except as expressly admitted, Hyperkin denies each and every remaining allegation in Paragraph 21 of the Complaint.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## FIRST CLAIM FOR RELIEF
### (False Designation of Origin)

28. Hyperkin incorporates by reference its responses to Paragraphs 1-27 as set forth above.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Responding to Paragraph 33 of the Complaint, Hyperkin denies that it ever used Atari's Joystick Designation of Origin or Console Designation of Origin. Therefore, Hyperkin denies all the allegations in Paragraph 33 of the

Complaint.

34. Denied.
35. Denied.
36. Denied.
37. Denied.
38. Denied.

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Competition)

39. Hyperkin incorporates by reference its responses to Paragraphs 1-38 as set forth above.
40. Denied.
41. Denied.
42. Denied.
43. Denied.
44. Denied.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution)

45. Hyperkin incorporates by reference its responses to Paragraphs 1-44 as set forth above.
46. Denied.
47. Denied.
48. Denied.
49. Denied.
50. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Hyperkin denies all allegations not specifically admitted herein, and further denies that Plaintiff is entitled to the judgment and relief requested in its Prayer for Relief, or to any other relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any specific defense, Hyperkin asserts the defenses below, and reserves its right to assert additional defenses as may be warranted based on further investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Abandonment)

Plaintiff has abandoned one or more of the asserted trade dresses at least through the discontinued use in the ordinary course of trade, intending not to resume use and through widespread third-party use uncontrolled by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

Each of Plaintiff's claims are barred because Plaintiff cannot demonstrate any likelihood that the public will be confused or misled as to the source of Hyperkin's goods or that Hyperkin's goods are associated with, or endorsed by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (No Secondary Meaning)

Plaintiff's alleged Joystick Designation of Origin and Console Designation of Origin trade dress are not protectable because they lack distinctiveness and have not acquired secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Functionality)

Plaintiff's alleged Joystick Designation of Origin and Console Designation of Origin trade dress are not protectable because they are functional.

## TWELFTH AFFIRMATIVE DEFENSE

### (The Claimed Trade Dress is Generic)

Plaintiff's alleged Joystick Designation of Origin and Console Designation of Origin are not protectable because they are generic.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Famous)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged Joystick Designation of Origin and Console Designation of Origin are not famous.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Willfulness)

Hyperkin is not liable for exemplary damages because neither Hyperkin, nor their officers, directors, or managing agents acted intentionally or willfully to commit any infringing acts with respect to the asserted trade dress.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages which were caused by, or attributable to, any alleged act of Hyperkin.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because Plaintiff has not suffered any irreparable injury, and injunctive relief would be contrary to the public interest.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff is not entitled to recover punitive or exemplary damages because they have failed to allege and cannot establish facts sufficient to show that Hyperkin acted with oppression, fraud or malice.

/ / /

# EIGHTEENTH AFFIRMATIVE DEFENSE

**(Plaintiff is Not the Owner of the Asserted Rights)**

Plaintiff claims are barred, in whole or in part, because Plaintiff is not the owner and/or did not acquire any right, title or interest in the asserted Joystick Designation of Origin or Console Designation of Origin.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Hyperkin respectfully prays for the following relief:

A. For an order dismissing with prejudice all claims against Hyperkin and denying all relief requested by Plaintiff;

B. That Plaintiff take nothing by its Complaint against Hyperkin;

C. That the Court deny any and all of Plaintiff's request for injunctive relief;

D. That the Court grant Hyperkin its reasonable attorneys' fees, costs, and expenses in this action under 15 U.S.C. § 1117, and under other applicable law;

E. That the Court award Hyperkin its legal fees, costs, expenses, and other relief, both legal and equitable, upon prevailing in this action; and

F. That the Court award Hyperkin such other and further relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 21, 2019

By: */s/ Jason A. Champion*
  Lynda J. Zadra-Symes
  Jason A. Champion
  Jacob R. Rosenbaum

Attorneys for Defendant
HYPERKIN, INC.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hyperkin demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 21, 2019

By: */s/ Jason A. Champion*
Lynda J. Zadra-Symes
Jason A. Champion
Jacob R. Rosenbaum

Attorneys for Defendant
HYPERKIN, INC.

30003439

- 9 -